MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. B. SLADDEN (CSBN 203307)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6962
    FAX: (415) 436-6748
    melissa.sladden@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY, | No. [C-10-03408] EDL |
|     Plaintiff, | **STIPULATION OF SETTLEMENT AND [~~PROPOSED~~] ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

    THE PARTIES AND THEIR ATTORNEYS OF RECORD HEREBY SUBMIT THE

FOLLOWING STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE

(hereinafter, "Stipulation and Agreement"):

### PREAMBLE

    It is hereby stipulated by and between the undersigned Plaintiff and the UNITED

STATES OF AMERICA, by and through their respective attorneys, as follows:

    WHEREAS, Plaintiff filed the above-captioned action under the Federal Tort Claims Act, 28

U.S.C. §§ 2671 *et seq.*;

     WHEREAS, Plaintiff and the United States of America wish to avoid any further

litigation and controversy and to settle and compromise fully any and all claims and issues that

have been raised, or could have been raised in this action, which have transpired prior to the

execution of this Agreement;

IT IS HEREBY STIPULATED AND AGREED as follows:

**TERMS AND CONDITIONS**

1. **The Parties**. The parties to this Stipulation and Agreement are plaintiff State Farm General Insurance Company (hereinafter "Plaintiff"), on the one hand, and defendant United States of America ("Federal Defendant"), on the other hand.  Plaintiff and the United States of America are collectively referred to in this Stipulation and Agreement as "the Parties" and individually as a "Party."

2. **Agreement to Compromise Claims**.  Plaintiff and the United States hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.  The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement, including claims arising under 42 U.S.C. §2651, that the Federal Defendant may have the against Plaintiff's insureds Geoff Torretta, Greg Torretta, and Gary Torretta (collectively, "Torrettas"), as such claims arise from the facts alleged in the state court action Johnson v. Torretta, et al, Contra Costa County Superior Court Case No. MC07-02171 ("State Court Action") and any claim for contribution, subrogation and or indemnity that the Plaintiff may have arising from the facts of the State Court Action against the Federal Defendant and any of its agencies, assigns, past and present employees, past and present administrators or agents.

3. **Settlement Amount** The United States agrees to pay to Plaintiff the sum of Forty-Five Thousand Dollars and No Cents ($45,000.00) ("Settlement Amount"), made payable to State Farm General Insurance Company and its attorney the Livingston Law Firm, under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which Plaintiff, its past

or present agents, servants, past and present employees, past and present administrators and assigns, insureds, the Torrettas, and each of them, now have or may hereafter acquire against the United States of America or its past or present agents, servants, past and present employees, past and present administrators and assigns, or the United States Department of Veterans Affairs or its past or present agents, servants, past and present employees, past and present administrators and assigns.

4. **Dismissals:**

A. The parties will file a Stipulation of Dismissal with Prejudice and Proposed Order in the FTCA Action.

B. The United States District Court for the Northern District of California agrees to dismiss the district court action with prejudice.

5. **No admission of Liability**: This Stipulation and Agreement is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agencies, agents, servants, or employees, and it is specifically denied that the Federal Defendant is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed equitable indemnity, equitable subrogation, and/or equitable contribution claims under the FTCA or state law and avoiding the expenses and risks of further litigation.

6. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

7. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. **Releases**: This settlement resolves all claims or potential claims by any party to this action arising out of the facts alleged in the above-captioned action and the underlying State Court Action.

A. Plaintiff and its agents, servants, employees, or past and present administrators

and assigns do hereby accept the Settlement Amount set forth above in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for pre-judgment or post-judgment interest, and any claims for fees, costs, and expenses, whether incurred in the district court, the court of appeals, or in any other court proceedings, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiff and its respective insureds the Torrettas, agents, servants, employees or past and present administrators and assigns may have or hereafter acquire against the Federal Defendant, or its agencies, agents, servants, and employees,  on account of the same subject matter that gave rise to the FTCA Action and/or the State Court Action.

1.  Plaintiff represents and warrants that at all times referred to in the FTCA Action and State Court Action and since the time of filing said action, no other person other than Plaintiff had, or has, an interest in the causes of action set forth therein and that Plaintiff has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Stipulation and Agreement.

B.  The Federal Defendant and the United States Department of Veteran's Affairs, agrees to waive and release any claim or cause of action (whether sounding in tort, contract, statutory, or otherwise) that it has against Plaintiff, its insureds the Torrettas, and their insurers, agents, servants, and employees arising out of the subject mater of the State Court Action.  This includes any potential claim for subrogation, contribution or indemnification arising from the State Court Action and the above-captioned action.  No entities other than State Farm General Insurance Company, its insureds the Torrettas, and their insurers, agents, servants, and employees are released from such claims by this Paragraph.

1.  Notwithstanding any term of this Stipulation and Agreement, specifically reserved and excluded from the scope and terms of this Agreement as to any entity or person (including Plaintiff and the Torrettas) are the following claims of the United States and United States Department of Veteran's Affairs:

1       a.    Any civil, criminal, or administrative liability arising under Title 26 U.S. Code

2  (Internal Revenue Code);

3       b.    Any criminal liability;

4       c.    Any liability to the United States or the United States Department of Veteran's

5  Affairs for any conduct other than the conduct set forth in the complaint in the State Court Action

6  <u>Johnson v. Torretta, et al</u>, Contra Costa County Superior Court Case No. MC07-02171, or the

7  FTCA Action filed on August 3, 2010 U.S. District Court for Northern District of California

8  Case No. C-10-03408 EDL;

9       d.    Any liability based upon such obligations as are created by this Stipulation and

10  Agreement.

11     9.  **Discharge**.  Plaintiff forever discharges the United States of America and any and all

12  of its agencies, past and present officials, past and present employees, past and present agents,

13  past and present attorneys, their successors and assigns, from any and all obligations, damages,

14  liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever,

15  whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the

16  allegations set forth in Plaintiff's pleadings in this action.

17     10.  **Statutory Waiver**.

18     The provisions of California Civil Code Section 1542 are set forth below:

19       "A general release does not extend to claims which the creditor does not know or
20       suspect to exist in his favor at the time of executing the release, which if known by
         him must have materially affected his settlement with the debtor."

21  Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its

22  attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and

23  all rights it may have pursuant to the provision of that statute and any similar provision of federal

24  law.  Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining

25  thereto are found hereinafter to be other than or different from the facts now believed by them to

26  be true, the Agreement shall be and remain effective notwithstanding such material difference.

27     11.  **Construction**.  Each party hereby stipulates that it has been represented by and has

28  relied upon independent counsel in the negotiations for the preparation of this Stipulation and

Agreement, that it has had the contents of the Stipulation and Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Stipulation and Agreement and the legal consequences thereof.  For purposes of construction, this Stipulation and Agreement shall be deemed to have been drafted by all Parties to this Stipulation and Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12.  **Integration Clause**: This instrument shall constitute the entire Stipulation and Agreement between the parties, and it is expressly understood and agreed that the Stipulation and Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation and Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation and Agreement.  This Stipulation and Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13.  **Complete Defense**:   This Stipulation and Agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by this Stipulation and Agreement.

14.  **Enforcement Sole Remedy**: The parties agree that, should any dispute arise with respect to the implementation of the terms of this Stipulation and Agreement, Plaintiff shall not seek to rescind the Stipulation and Agreement and pursue his original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Stipulation and Agreement in the appropriate court.

15.  **Withholding**.  If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability.

16.  **Severability**.  If any provision of this Stipulation and Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

[STIPULATION OF  SETTLEMENT AND [~~PROPOSED~~] ORDER] -C-10-03408 EDL

1    17. **Authority to Sign**:  The signatories to this Stipulation and Agreement have actual

2  authority to bind the parties.

3    18. **Multiple Signature Pages**:  It is contemplated that this Stipulation and Agreement

4  may be executed in several counterparts, with multiple signature pages.  All such counterparts

5  and signature pages, together, shall be deemed to be one document.

6  **IT IS SO STIPULATED.**

7

8  DATED: May 24, 2011                  Respectfully submitted,

9                                       /s/ Sandra Watts

10                                       _____

                                        Sandra Watts
11                                       On behalf of Plaintiff, State Farm General
                                        Insurance Company
12
                                        CRAIG A. LIVINGSTON, ESQ.
13                                       Livingston Law Firm

14                                       /s/ Craig A. Livingston
    Dated: May 24, 2011
15                                       _____
                                        CRAIG A. LIVINGSTON
16                                       Attorneys for the Plaintiff

17
                                        MELINDA HAAG
18                                       United States Attorney

19                                       /s/ Melissa Sladden
    Dated: May 24, 2011
20                                       _____
                                        MELISSA BROWN SLADDEN
21                                       Assistant United States Attorney

22

23

24

25

26

27

28

[STIPULATION OF  SETTLEMENT AND [~~PROPOSED~~] ORDER] -C-10-03408 EDL

1

**[PROPOSED] ORDER**

2

3

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

4

DATED: __ June 23, 2011 _____

5

HONORABLE ELIZABETH D. LAPORTE
United States District Court Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[STIPULATION OF  SETTLEMENT AND [PROPOSED] ORDER] -C-10-03408 EDL